Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| EDUARDO GUILBE CRESPO<br><br>Recurrente<br><br>Vs.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | KLRA202400366 | *Revisión* administrativa procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.: P676-12635<br><br>Sobre: Evaluación Pospuesta |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Rivera Pérez y la Juez Álvarez Esnard.[1]

Rodríguez Casillas, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 26 de septiembre de 2024.

En esta ocasión debemos **desestimar** el recurso de revisión judicial de epígrafe por los siguientes fundamentos. **Veamos.**

**-I-**

En virtud de lo anterior, nos limitaremos a presentar los hechos procesales pertinentes.

El *Sr. Eduardo O. Guilbe Crespo* (en adelante; "Guilbe Crespo" o "recurrente") solicitó a la *Oficina de Programas y Servicios* del *Departamento de Corrección* (en adelante; "DCR") su evaluación para participar del *Programa de Pre-Reinserción,* sin embargo, la misma fue pospuesta.[2] En específico, el **23 de mayo de 2024** notificada el **14 de junio de 2024**,[3] la Secretaria Auxiliar de Programas y Servicios —*Sra. Janette Rodríguez Robles*—, emitió la *"EVALUACION PROGRAMA DE PRE-REINSERCION"* del recurrente, en esta determinó que el caso fue pospuesto. El fundamento o razón para

---

[1] Conforme a la OATA-2024-086 del 19 de julio de 2024, se designó al Panel Especial a la Juez Álvarez Esnard en sustitución de la exjuez de apelaciones Méndez Miró.
[2] Anejo I del Recurrente, pág. 1.
[3] *Íd.*

Número Identificador
SEN2024_____

dicha determinación fue: *"[s]e refiere para evaluación adicional para cumplir con los dispuesto en el Plan de Reorganización #2-2011 en sus artículos 17,18 y 19 de los derechos de las víctimas de delitos en los procesos relacionados con los Programas de Desvíos y Comunitarios".*[4]

Inconforme, el señor Guilbe Crespo, por derecho propio y de forma *pauperis*, recurrió ante este Tribunal apelativo el **8 de julio de 2024**. Mediante el presente recurso legal solicitó la revisión de la decisión emitida por el DCR.

Varios trámites procesales después, el **13 de septiembre de 2024** compareció el DCR representado por la *Oficina del Procurador General de Puerto Rico* mediante el escrito intitulado *"Escrito en Cumplimiento de Resolución y Solicitud de Desestimación".* En esencia, señaló que este foro apelativo carecía de jurisdicción, ya que la decisión no era una final revisable en esta etapa.

**-II-**

**A.**

Sabido es que la Ley de la Judicatura de 2003 establece la facultad revisora de este Tribunal de Apelaciones.[5] Ahora, en el ámbito administrativo la referida ley nos limita a examinar órdenes o resoluciones finales. En particular, el inciso (c) del Artículo 4.006, dispone que el Tribunal de Apelaciones conocerá: *"[m]ediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de las decisiones, órdenes y resoluciones **finales** de organismos o agencias administrativas".*[6]

De igual modo, la Regla 56 del Reglamento del Tribunal de Apelaciones limita nuestra jurisdicción revisora a determinaciones administrativas finales.[7]

---

[4] *Íd.*

[5] *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003,* Ley Núm. 201-2003, según enmendada, 4 LPRA sec. 24 *et seq.*

[6] 4 LPRA sec. 24y. Énfasis suplido.

[7] 4 LPRA Ap. XXII–B, R. 56.

Por otra parte, la Sec. 4.2 de la Ley de Procedimiento Administrativo Uniforme (LPAU) establece claramente que la agencia deberá emitir una orden o resolución final para que pueda ser objeto de revisión judicial en este Tribunal de Apelaciones.[8] A esos fines, dispone:

> Una parte adversamente afectada por **una orden o resolución final de una agencia** y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación **de la orden o resolución final de la agencia** [...].[9]

Al respecto, el Tribunal Supremo de Puerto Rico ha definido una "orden o resolución final" de una agencia administrativa, como aquella que dispone del caso ante la agencia y tiene efectos de adjudicación y dispositivos sobre las partes.[10] "*Se trata de la resolución que culmina en forma final el procedimiento administrativo respecto a todas las controversias*".[11]

Por otra parte, cabe indicar que, para que una orden o resolución administrativa se considere final, debe contener determinaciones de hechos y conclusiones de derecho. En lo pertinente, la Sec. 3.14 de la LPAU dispone:

> La orden o resolución **deberá incluir y exponer separadamente determinaciones de hecho si éstas no se han renunciado, conclusiones de derecho, que fundamentan la adjudicación,** [y] la disponibilidad del recurso de reconsideración o revisión según sea el caso. La orden o resolución deberá ser firmada por el jefe de la agencia o cualquier otro funcionario autorizado por ley.[12]

Así, nuestra jurisprudencia ha sido muy clara en sus explicaciones con respecto a cuándo una resolución u orden administrativa es final —y por tanto revisable—. A saber:

> La [LPAU] contiene una descripción de lo que tiene que incluir una orden o resolución final; esto es, **requiere que incluya unas determinaciones de hecho, las conclusiones de**

---

[8] *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9601 *et seq.*
[9] 3 LPRA sec. 9672. Énfasis suplido.
[10] *Depto. Educ. v. Sindicato Puertorriqueño*, 168 DPR 527, 545 (2006).
[11] *Íd.*
[12] 3 LPRA sec. 9654. Énfasis suplido.

*derecho de la decisión, una advertencia sobre el derecho a solicitar una reconsideración o revisión judicial, según sea el caso, y la firma del jefe de la agencia o de cualquier otro funcionario autorizado por ley.*[13]

**B.**

Por otra parte, es norma reiterada en nuestro ordenamiento que *"los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen".*[14] La jurisdicción se refiere a la capacidad que tiene un tribunal para atender y resolver controversias sobre determinado aspecto legal.[15] Ante la falta de jurisdicción, el tribunal debe así declararlo y proceder a la desestimación del recurso, toda vez que cualquier sentencia dictada sin jurisdicción es nula en derecho, pues la ausencia de jurisdicción es insubsanable.[16]

Un recurso tardío, al igual que uno prematuro, *"adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre"*, por lo que debe ser desestimado.[17] Esto, por razón de que su presentación carece de eficacia y no produce efecto jurídico alguno, dado que no existe autoridad judicial para acogerlo.[18] En consecuencia, la Regla 83(B)(1) y (C) del Reglamento del Tribunal de Apelaciones nos autoriza a desestimar un recurso a instancia de parte o por iniciativa propia, cuando carezcamos de jurisdicción para atenderlo.[19]

---

[13] *ARPe v. Coordinadora*, 165 DPR 850, 867 (2005).

[14] *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).

[15] *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 708 (2014).

[16] *Shell v. Srio. Hacienda*, 187 DPR 109, 123 (2012).

[17] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *SLG Szendrey-Ramos v. F. Castillo*, supra, pág. 883.

[18] *Íd.*

[19] En particular, la referida Regla 83 del reglamento de este tribunal dispone, en lo pertinente:
> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
> (1) que el Tribunal de Apelaciones carece de jurisdicción;
> . . . . . . . . .
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente.

4 LPRA Ap. XXII-B, R. 83(B)(1) y (C).

**-III-**

Surge del expediente que, el **8 de julio de 2024**, el señor Guilbe Crespo nos solicitó la revisión de la decisión emitida el **23 de mayo de 2024**, en la cual, el DCR pospuso su caso y refirió el mismo a una evaluación adicional.

Sin embargo, el DCR en su escrito legal solicitó la desestimación del presente recurso. Adujo que la decisión emitida por el DCR no es una determinación final revisable. De igual forma, el DCR nos señaló que el caso del recurrente fue referido a la *Oficina de Víctimas de Delitos* el **21 de agosto de 2024** para la continuidad de su evaluación.[20] Ello, conforme a las *"INSTRUCCIONES PARA EL MANEJO DE LOS CASOS REFERIDOS A LA ATENCIÓN DEL OFICIAL DE ENLACE DE VICTIMAS DE DELITO CUANDO EL COMITÉ DE DERECHOS DE LAS VICTIMAS NO ESTE DEBIDAMENTE CONSTITUIDO [sic]"* emitidas el **19 de agosto de 2024**.[21] Por lo que, el caso del recurrente continúa en el proceso correspondiente.

Ante tal escenario, es forzoso concluir que este Tribunal apelativo carece de jurisdicción para atender el presente recurso legal. En consecuencia, nos vemos obligados a desestimar el recurso de revisión epígrafe.

**-IV-**

Por los fundamentos antes expuestos, **desestimamos** el presente recurso de revisión judicial.

Lo acordó el Tribunal y certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[20] *Véase*; Anejo I del *Departamento De Corrección y Rehabilitación*, pág. 1.
[21] *Íd.*, págs. 2 – 4.